Dear Mayor Fontenot:
You have several questions concerning the police officer's bill of rights, R.S. 40:2531. This statute pertains to the rights of a law enforcement officer under investigation. Of particular interest are the following provisions of the statute:
§ 2531. Applicability; minimum standards during investigation
 A. The provisions of this Chapter shall only apply to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal.
 B. Whenever a law enforcement officer is under investigation, the following minimum standards shall apply:
* * * * *
 (7) Except as otherwise provided in this Paragraph, each investigation of a law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the officer who is under investigation. The officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity. (Emphasis added).
We rephrase your questions as stated in your letter to this office.
Question 1
At what point does an investigation begin?
Attorney General Opinion 93-52 proves helpful in answering your first question. We quote the author of that opinion:
 LSA-R.S. 40:2531 does not specifically provide for a definition of "investigation." However, Black's Law Dictionary defines the term as the process of inquiring into or tracking down through inquiry. Black's further defines the term "investigate" as follows:
 "To follow up step by step by patient inquiry or observation. To trace or track; to search into; to examine and inquire into with care and accuracy; to find out by careful inquisition; examination; the taking of evidence; a legal inquiry."
 From this definition, it is our opinion that if the investigation requires a close study or systematic inquiry into a situation, the protections afforded an officer under LSA-R.S. 40:2531 apply. Moreover, one must not overlook the express language of the statute. The term "investigation" is modified by the phrase "with a view to possible disciplinary action, demotion, or dismissal." Therefore, if any of the three results are possible, then the officer is afforded the protections of LSA-R.S. 40:2531.
In accord with Opinion 93-52, our interpretation of R.S. 40:2531
reflects that an investigation begins when an authorized person begins to make inquiry or collect evidence concerning a situation with an officer where the end result is "with a view to possible disciplinary action, demotion, or dismissal."
Question 2
When is the investigation complete?
In our opinion, the purpose of the investigation is to collect evidence concerning the complaint, and must be completed within the statutorily mandated sixty days. After the gathering of evidence is completed, and before the officer may be discharged, "he is entitled to oral or written notice of the charges against him, an explanation of his employer's evidence, and an opportunity to present his side of the story Thus, due process requires, at a minimum, some type of a pre-termination hearing before a tenured employee is discharged." See Knight vs. Department ofPolice, 619 So.2d 1116 (La.App. 4th Cir 1993), at page 572.
Question 3
 What is the consequence for failure to complete the investigation within sixty days?
R.S. 40:2531 is silent regarding any consequence for failure to complete the investigation within sixty days. However, we find it a logical inference that the investigation may not be "restarted" once the sixty days have passed as this action would invalidate the purpose of a time limitation. The statute does permit an additional sixty days for the municipal police department to complete the investigation if granted by the municipal civil service board at a hearing. Finally, R.S. 40:2531(B)(7) states that there is no time limitation on any investigation of alleged criminal activity.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 1, 2003
 KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL